UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOROTHY M. NEELEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:17-cv-04397-SEB-MPB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Dorothy Neeley for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue**.**

## I. The § 2255 Motion

A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013) (citing *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States,* 113 F.3d 704, 705 (7th Cir. 1997).

## II. Factual and Procedural Background

Neeley and several others were "involved in a vast methamphetamine-distribution

1

conspiracy in an around North Vernon, Indiana from October 2013 through May 2014." *United States v. Maggard*, 865 F.3d 960, 964 (7th Cir. 2017). As part of this conspiracy, Neeley supplied methamphetamine to her codefendant Jeremy Jackson. On April 5, 2014, she sold him a particularly potent batch that ultimately killed Jackson's wife Jessie. *Id.*

On August 4, 2015, Neeley and others were charged in a ten-count Second Superseding Indictment in this Court. Neeley was charged in Counts 1, 4, 6, and 8. Count 1 charged conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Counts 4, 6, and 8 charged distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The Second Superseding Indictment also contained a sentencing enhancement alleging that a death resulted from the use of methamphetamine distributed by Neeley and Jackson as charged in Counts 1, 6, and 7.

On September 25, 2015, Neeley was found guilty by a jury of Counts 1, 4, 6, and 8, including the sentencing enhancement for engaging in drug trafficking activity resulting in death. Neeley was sentenced to 264 months imprisonment to be followed by five years of supervised release. Neeley appealed, and the Seventh Circuit upheld her convictions and sentence. *See United States v. Maggard*, 865 F.3d 960 (7th Cir. 2017).

On November 27, 2017, Neeley filed a motion for relief pursuant to 28 U.S.C. § 2255. Neeley was later permitted to supplement her § 2255 motion. The United States has responded to the motion and the supplement.

### III. Discussion

Neeley challenges her conviction and sentence arguing that her counsel was ineffective in a number of ways: (1) for failing to investigate the death charged in Counts 1 and 6; (2) failing to file a motion to sever; (3) failing to object to the sentence enhancement; and (4) failing to file a

separate appeal. Ms. Neeley later supplemented her § 2255 motion claiming that her Sixth Amendment right to confront her codefendant was violated.

A. *Ineffective Assistance of Counsel*

Neeley first asserts that her counsel was deficient. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Strickland*, 466 U.S. at 690. To satisfy the prejudice component, Neeley must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Each of Neeley's specifications of ineffective assistance is discussed below.

1. *Failure to Investigate*

Neeley first contends that her counsel failed to properly investigate the testimony regarding Jessie's death. She asserts the fact that Jackson waited five hours to seek medical attention for Jessie caused her death and was not foreseeable to her. She says her counsel did not discuss witness statements with her before the trial and did not request a toxicology report, which may have shown that Jessie ingested fentanyl instead of methamphetamine.

3

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Pruitt v. Neal*, 788 F.3d 248, 271 (7th Cir. 2015) (quoting *Strickland,* 466 U.S. at 691). But when counsel's "purported deficiency is based on a failure to investigate, [the court requires] the petitioner to allege what the investigation would have produced." *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) (internal quotation omitted).

While Neeley contends that her counsel failed to reasonably investigate Jessie's death and, had he done so, he could have shown that Jessie's death was not reasonably foreseeable to her, she has failed to produce any evidence that would support this conclusion. The only item of evidence she states would show that Jessie's death was not related to the methamphetamine is her speculation that a toxicology report may have shown that Jessie ingested fentanyl. But the Seventh Circuit explained on appeal, "the toxicology report revealed that the methamphetamine that killed Jessie was extremely potent." *Maggard*, 865 F.3d at 977. Further, there was testimony at trial that Neeley had given Jackson a particularly potent batch of methamphetamine. Neeley has failed to show that her counsel could have obtained evidence that would have shown otherwise. She has therefore failed to show that her counsel failed to conduct a reasonable investigation.

      2. *Motion to Sever*

Neeley next argues that her counsel was ineffective for failing to seek a severance from her co-defendants. She states that this caused a presentation of "the false picture to the jury that Neeley condoned [Jessie's death]." She also contends that her counsel was ineffective in advising her not to testify, which prevented her from speaking against Jeremy's conduct.

4

Neeley has not shown that her counsel was ineffective for failing to file a motion to sever. Counsel cannot be faulted for failing to make a motion that has no merit nor any likelihood of success. *See Warren v. Baenen,* 712 F.3d 1090, 1104 (7th Cir. 2013) ("Counsel is not ineffective for failing to raise meritless claims."). Any motion to sever would have been governed by Rule 8 and 14 of the Federal Rule of Criminal Procedure. Rule 8(b) permits the joinder of criminal defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 14(a) provides that a court may sever co-defendants' trials if a defendant or the government is prejudiced by such a joinder. "Rules 8(b) and 14 are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'" *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (quoting *Bruton v. United States*, 391 U.S. 123, 131 n. 6 (1968) (internal quotations omitted)). There is a strong preference that co-conspirators be jointly tried particularly when they were indicted together. *United States v. Jett*, 908 F.3d 252, 276 (7th Cir. 2018); *United States v. Spagnola*, 632 F. 3d 981, 987 (7th Cir. 2011) (citing *United States v. Alviar*, 573 F.3d 526, 539 (7th Cir. 2009)). "In all but the 'most unusual circumstances,' the risk of prejudice arising from a joint trial is 'outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all.'" *Maggard*, 865 F.3d at 972.

Because Neeley was charged with her co-defendants in a methamphetamine distribution conspiracy, she has failed to show that a motion to sever would have been successful. In fact, two of Neeley's co-defendants moved to sever the charges against them and the Court denied their motion. Moreover, the Court provided an instruction explaining that the charges against each defendant must be considered separately. The Court stated: "[e]ven though the defendants are

being tried together, you must consider each defendant and the evidence concerning that defendant separately as to each charge. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant." Tr. 796. Because a motion to sever would not have been successful, Neeley has failed to show that her counsel was ineffective for failing to file one.

Neeley also states that because of her attorney's advice, she did not testify and therefore was not "allow[ed] to speak against Jackson's unconscionable conduct, leaving its inflammatory and prejudicial effect to unfairly cause guilty verdicts against her." To show that her counsel was ineffective, Neeley must show that counsel's performance was unreasonable and prejudiced her defense. *Strickland*, 466 U.S. at 688-94. Neeley's statement that her counsel advised her not to testify, without more, is insufficient to meet this burden. As the Seventh Circuit explained in the direct appeal, the government "had to prove that Neeley distributed methamphetamine to Jessie and that Jessie's consumption of that methamphetamine was a but-for cause of her death." *Maggard*, 865 F.3d at 976. In considering her challenge to the sufficiency of the evidence, the Seventh Circuit held: "when we view this evidence . . . in the light most favorable to the government, we think it's clear that Neeley supplied the methamphetamine that killed Jessie." *Id.* at 977. Neeley has presented no argument that would to support a conclusion that if she had testified she would have been able to overcome the evidence that she supplied the methamphetamine that caused Jessie's death. She has therefore failed to meet the requirement of *Strickland* that she show that her counsel's advice that she should not testify prejudiced her defense.

### 3. *Sentencing*

Neeley next argues that her counsel was ineffective during sentencing because her sentence

6

should not have been enhanced based on Jessie's death. Neeley was found guilty of conspiracy to distribute 500 grams or more of methamphetamine causing death. Pursuant to 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(C), and 846, the minimum term of imprisonment for was 20 years and the maximum is life. The only challenge that Neeley contends her counsel should have made to the sentence is based on the Supreme Court decision in *Burrage v. United States*, 571 U.S. 204, 206 (2014). The Court held in that case "that the mandatory minimum at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Id.* at 218-19.

Neeley does not explain how her counsel could have relied on *Burrage* to support her defense. In fact, the Seventh Circuit considered the application of *Burrage* to Neeley's sentence enhancement in the context of her challenge to the sufficiency of the evidence. The court cited *Burrage* in finding that the evidence was sufficient to support Neeley's conviction for distributing methamphetamine resulting in death. *Maggard*, 865 F.3d at 977. Aside from insisting that the distribution of methamphetamine did not cause Jessie's death – an argument that the Seventh Circuit rejected – Neeley presents no argument that she contends he counsel should have made and that would have been successful in challenging the enhancement of her sentence. Having failed to do so, she has failed to show that her counsel was ineffective at sentencing.

      4. *Appeal*

Neeley also argues that her appellate counsel was ineffective in filing a joint appellate brief with her codefendants. The general *Strickland* standard governs claims of ineffective assistance of appellate counsel as well as trial counsel. *Smith v. Robbins,* 528 U.S. 259, 285 (2000); *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015). In other words, Neeley must show that her attorney's

decision to appeal jointly demonstrated deficient performance and that this deficiency prejudiced her. Neeley states simply that a joint appeal did not allow her to distance herself from her codefendants. These conclusory statements are insufficient to meet her burden to show that her counsel was deficient. Further, she has failed to demonstrate that even if her counsel was deficient, this deficiency prejudiced her. Once again, the jury concluded, and the Seventh Circuit found that the evidence was sufficient, that Neeley distributed the methamphetamine that caused Jessie's death. Neeley has failed to show how the filing of a separate appeal would have changed this conclusion.

### B. Confrontation Clause

In her supplement to her § 2255 motion, Neeley argues that her Sixth Amendment right to confrontation was violated. She contends that Desiree Booker and Kylie Day testified at trial that Jackson told them that he purchased methamphetamine from Neeley. Specifically, Booker testified that Jackson told her that he purchased a particularly potent dose on April 5. The United States responds that the admission of Jackson's statements did not violate the Confrontation Clause because those statements were not testimonial and that, if there was any error in the admission of these statements, it was harmless.

The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). This means, among other things, that for the Confrontation Clause to apply, the statements presented at trial must be "testimonial" in nature. *Id.* at 51. It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause. *Davis v. Washington*, 547 U.S. 813, 821 (2006). "A

8

statement is testimonial 'when the circumstances objectively indicate that ... the primary purpose ... is to establish or prove past events potentially relevant to later criminal prosecution.'" *United States v. Amaya*, 828 F.3d 518, 529 (7th Cir. 2016) (quoting *Davis*, 547 U.S. at 822 (2006); citing *United States v. Gaytan*, 649 F.3d 573, 580 (7th. Cir. 2011)).

During the trial, Booker testified that she knew that Neeley supplied Jackson with methamphetamine because Jackson told her about this fact. (Tr., at 121-22.) Booker also testified that she knew that Neeley supplied Jackson with methamphetamine because Jackson would run out of his methamphetamine supply, Neeley would come to Jackson's residence, Jackson would direct Booker into his bedroom while he interacted with Neeley, and that Jackson possessed more methamphetamine after meeting with Neeley. (Tr., at 216-18.) On some occasions, Jackson allowed Booker to remain in the room after Neeley arrived and Booker personally observed Neeley deliver methamphetamine to Jackson. (Tr., at 219.). None of Jackson's statements were made with an eye toward criminal prosecution and therefore those statements were not testimonial in nature. *See Amaya*, 828 F.3d at 529; *Tolliver*, 454 F.3d 660, 665 (7th Cir. 2006) (noting that the declarant did not make statements regarding the distribution of crack cocaine in anticipation of a criminal prosecution and stating "[i]f anything, as a purveyor of an illegal substance, Dunklin made these statements believing the exact opposite."). Because the testimony at trial regarding statements Jackson made did not involve testimonial statements, Neeley has failed to show that her Confrontation Clause rights were violated.

### IV. Conclusion and Certificate of Appealability

For the reasons explained in this Entry, Neeley has failed to show that she is entitled to the relief he seeks and her motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

9

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Neeley has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 2/5/2019

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DOROTHY M. NEELEY
12334-028
PEKIN - FCI
PEKIN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
PEKIN, IL 61555

All Electronically Registered Counsel