UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cr-00096-SEB-TAB |
| | ) | |
| DOROTHY M. NEELEY, | ) | -05 |
| | ) | |
| Defendant. | ) | |

**Order Denying Motion for Release to Home Confinement**

Defendant Dorothy Neeley filed a document in which she asks the Court to reduce her sentence or allow her to serve the remainder of her sentence on home confinement. Dkt. 1193. For the reasons explained below, Ms. Neeley's motion, dkt. [1193], is **denied**.

## I. Background

On September 28, 2015, a jury found Ms. Neeley guilty of one count of conspiracy to distribute 500 grams or more of methamphetamine causing death, two counts of distribution of methamphetamine, and one count of distribution of methamphetamine causing death. Dkt. 794. In April 2016, Ms. Neeley was sentenced to an aggregate term of 264 months' imprisonment to be followed by five years' supervised release. Dkt. 954. Ms. Neeley is 45 years old and is currently incarcerated at Pekin Federal Correctional Institution. The Federal Bureau of Prisons (BOP) website states that she is due to be released on February 2, 2033.

On April 20, 2020, the Court received a letter from Ms. Neeley asking the Court to either reduce her sentence or allow her to serve the remainder of her sentence on home confinement because she is concerned about the COVID-19 pandemic.[1] Dkt. 1193.

## II. Discussion

Ms. Neeley asks the Court to allow her to serve the remainder of her sentence on home confinement, but the Court lacks the authority to grant that relief. Prerelease custody is governed by 18 U.S.C. § 3624(c). It allows for the possibility of home confinement. *Id.* Under the plain language of the statute, however, "the Bureau of Prisons, not the Court, has the sole authority to

---

[1] Ms. Neeley makes a conclusory reference to 18 U.S.C. § 3582(c)(1)(A) in her motion. *See* dkt. 1193 at 1. The Court does not, however, understand her to be asking for a sentence reduction based on "extraordinary and compelling reasons" under that provision. Instead, the Court understands her to be asking to modify the manner in which her sentence is served. Even if she were proceeding under § 3582(c)(1)(A), though, the motion would be denied. Under that section, a defendant may only file a motion for sentence reduction with a district court after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Multiple courts have concluded that a district court cannot entertain a motion under § 3582(c)(1)(A)(i) unless a defendant has exhausted his administrative remedies—even in the face of the COVID-19 pandemic. *See, e.g.*, *United States v. Raia*, __ F.3d __, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) (concluding that failure to exhaust administrative remedies for request for compassionate release based on COVID-19 pandemic presented "a glaring roadblock foreclosing compassionate release at this point" and that "strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance"); *United States v. Rogers*, No. 18-CR-528-5 (JMF), 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020) (concluding that court cannot waive exhaustion requirement despite COVID-19 pandemic); *but see United States v. Zukerman*, No. 16 Cr. 194 (AT), 2020 WL 1659880, at *2–6 (S.D.N.Y. Apr. 3, 2020) (granting request for compassionate release based on COVID-19 pandemic and waiving exhaustion requirement based on Second Circuit precedent). Ms. Neeley argues that she should not be required to exhaust the administrative remedy process because she has underlying health concerns and any delay in her release to home confinement puts her at increased risk of serious illness. Dkt. 1193 at 3. However, she has not established that the Court has the power to waive the administrative exhaustion requirement. Moreover, Ms. Neeley has not come forth with any "extraordinary and compelling reasons" for a sentence reduction. "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its . . . efforts to curtail the virus's spread." *Raia*, 2020 WL 1647922, at *2.

prescribe home confinement post-incarceration [under 18 U.S.C. § 3624(c)]." *United States v. Rodriguez*, ___ F. Supp. 3d. ___, No. 16-CR-167(LAP), 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020); *see also United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, acting through the BOP, has the responsibility for administering the sentence."). The crisis caused by the COVID-19 pandemic does not create an exception to the general rule that the courts lack authority to determine whether prisoners should be placed in home confinement.

The recently-enacted Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020), allows a COVID-19-related exception to the normal time limits imposed on home confinement by providing, "During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of [18 U.S.C. § 3624(c)(2)], as the Director deems appropriate." 134 Stat. at 516 (CARES Act § 12003(b)(2)). This provision expands only the powers of the Attorney General and the Director of the BOP, not the courts.

### III. Conclusion

Ms. Neeley's motion for release to home confinement, dkt. [1193], is **denied**.

**IT IS SO ORDERED.**

Date:
       4/23/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Dorothy Neeley, #12334-028
FCI Pekin
Federal Correctional Institution
Satellite Camp
P.O. Box 5000
Pekin, IL 61555

All Electronically Registered Counsel