UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

DOROTHY M. NEELEY

Case No. 1:14-cr-00096-SEB-TAB

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cr-00096-SEB-TAB |
| | ) | |
| DOROTHY M. NEELEY, | ) | -05 |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Dorothy M. Neeley has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 1203. Ms. Neeley seeks immediate release from incarceration. Dkt. 1218. For the reasons explained below, her motion is **DENIED**.

I.     **Background**

In 2016, the Court sentenced Ms. Neeley to an aggregate sentence 264 months of imprisonment and 5 years of supervised release after a jury convicted her of one count of conspiracy to distribute 500 grams or more of methamphetamine (causing death) (Count 1), two counts of distribution of methamphetamine (Counts 4 and 8), and one count of distribution of methamphetamine (causing death) (Count 6).  Dkts. 794, 954. Before sentencing a Presentence Investigation Report (PSR) was prepared. Dkt. 906. The PSR reports that, from November 2013 to April 2014, Ms. Neeley was responsible for distributing 9.27 kg of methamphetamine. Evidence presented at trial showed that, on April 5, 2014, Ms. Neeley delivered very potent methamphetamine to her co-defendant. The co-defendant gave the methamphetamine to his wife, who overdosed on the drug and died. *United States v. Maggard*, 865 F.3d 960, 964 (7th Cir. 2017).

2

Ms. Neeley had no prior criminal convictions, but, because her crimes resulted in a death, the mandatory minimum sentence she faced for Counts 1 and 6 was 20 years, and her guidelines range was 240 to 293 months. The Bureau of Prisons ("BOP") lists Ms. Neeley's anticipated release date (with good-conduct time included) as February 2, 2033.

In October 2020, Ms. Neeley filed a pro se motion for compassionate release. Dkt. 1203. The Court appointed counsel. Dkt. 1204. Appointed counsel filed a supporting memorandum, dkt. 1218, the United States responded, dkt. 1220, and Ms. Neeley replied, dkt. 1224. Thus, the motions are now ripe for decision.

Ms. Neeley is 46 years old. She is currently incarcerated at FCI Pekin in Pekin, Illinois. As of March 15, 2021, the BOP reports that 1 inmate and 8 staff members at FCI Pekin have active cases of COVID-19; it also reports that 778 inmates at FCI Pekin have recovered from COVID-19 and that no inmates at FCI Pekin have died from the virus. https://www.bop.gov/coronavirus/ (last visited Mar. 16, 2021). The BOP has also actively begun vaccinating inmates against COVID-19, *see* https://www.bop.gov/coronavirus/ (last visited Mar. 11, 2021). As of March 15, 2021, 89 inmates and 92 staff members at FCI Pekin have received both doses of the COVID-19 vaccine. *Id.*

## II.    Discussion

Ms. Neeley was one of the inmates at FCI Pekin who was infected with COVID-19. She tested positive on November 8, 2020. She claims that she suffered severe symptoms before she was tested, but the medical records do not support that claim. Instead, they show that—after she tested positive—Ms. Neeley suffered from a sore throat, cough, and some other symptoms, but her oxygen saturation level never dipped below 96% and her lungs remained clear. Dkt. 1218-1. Regardless, the medical records show that, by November 23rd, Ms. Neeley reported that her

symptoms were much better. Dkt. 1220-1. Although she had a cough, she did not have shortness of breath, her lung sounds were clear bilaterally, and her oxygen saturation level was 98%. Although Ms. Neeley was not re-tested for COVID-19 before being released from isolation, she does not claim to be currently infected with the virus, and she does not claim to currently be experiencing COVID-19 symptoms. Instead, Ms. Neeley claims that extraordinary and compelling reasons support a sentence reduction in her case because she has medical conditions (including hypertension and obesity) that increase her risk of experiencing severe symptoms if she contracts COVID-19 again. Dkt. 1218. Ms. Neeley also contends that she may have suffered long-term damage from her bout with COVID-19. In response, the United States argues that Ms. Neeley has not shown an extraordinary and compelling reason warranting a sentence reduction; that she would be a danger if released; and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. Dkt. 1220.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

---

[1] The United States concedes that Ms. Neeley has exhausted her administrative remedies. Dkt. 1220 at 2.

5

U.S.S.G. § 1B1.13(2).  Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable."  U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in

§ 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Ms. Neeley does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide her with an extraordinary and compelling reason warranting release. Instead, she asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.[2]

The risk Ms. Neeley faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release her. Ms. Neeley is obese, which is a condition that increases her risk of experiencing severe COVID-19 symptoms. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 15, 2021) (identifying obesity as a condition that increases the risk of severe symptoms from COVID-19). She also suffers from hypertension, which may increase her risk of severe COVID-19 symptoms.

---

[2]  In keeping with the Seventh Circuit's instruction in *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020), the Court would typically consider the rationale provided by Ms. Neeley's warden in denying Ms. Neeley's administrative request for relief. In this instance, however, Ms. Neeley filed her request, and the warden responded, before she had contracted COVID-19. Dkt. 1218-4. Thus, the warden's decision provides little guidance to the Court's analysis.
.

*Id.* (also finding hypertension may increase the risk of severe COVID-19 symptoms). But Ms. Neeley contracted COVID-19 several months ago. At the time she tested positive, Ms. Neeley experienced several symptoms of the virus. Ms. Neeley also claims that she suffered from severe symptoms before being tested. Regardless, within about two weeks after her positive test, she was reporting that she felt much better. The Court has not received any further updates from the parties to suggest that her condition has worsened, or that she otherwise currently suffers from severe symptoms. Her fears that she has experienced long-term damage from the virus are speculative and not supported by evidence. Thus, she has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic); *United States v. Young*, No. 3:15-cr-38-RLY-CMM-03, dkt. 139 (denying motion to reconsider and finding no extraordinary and compelling reason warranting release where defendant claimed to be experiencing chest pains and difficulty breathing several months after his COVID-19 diagnosis because the symptoms were not severe or debilitating).

Ms. Neeley's concern about reinfection does not change the result. The Court recognizes that FCI Pekin experienced serious outbreaks of COVID-19 and that some inmates and staff members at the facility are still infected. Nonetheless, Ms. Neeley's reliance on the possibility that she will be reinfected and suffer severe symptoms is speculative. *See*

https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Mar. 15, 2021) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, dkt. 1540 (S.D. Ind. July 27, 2020). The fact that the BOP is now actively vaccinating inmates against COVID-19—including inmates at FCI Pekin—only underscores the speculative nature of any concern about reinfection.

Given the Court's determination that Ms. Neeley has not shown extraordinary and compelling reasons to justify her release, whether the § 3553(a) factors weigh in favor of her release need not be discussed at length. Regardless, the Court concludes that the 3553(a) factors do not favor release. To her credit, Ms. Neeley has maintained clean conduct during her six-plus years of incarceration; she has taken numerous classes and earned an associate degree in Christian counseling. She has also received some treatment for her substance abuse problem, which appears, in part, to have driven the crimes that she committed in this case. In addition, this conviction represents her first criminal conviction. Nonetheless, the facts of Ms. Neeley's crimes weigh heavily against release. She distributed a large amount of methamphetamine, and her drug distribution activities resulted in the death of her co-defendant's wife. Such crimes deserve a severe sentence. Moreover, Ms. Neeley has served only about 35% of her sentence and is not set to be released for about 12 years.

In light of the above, the Court finds that releasing Ms. Neeley early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense;

afford adequate deterrence to criminal conduct; or protect the public from further crimes. Certainly, the Court is sympathetic to the risks prisoners with underlying conditions such as Ms. Neeley face from COVID-19, but it cannot find that those risks warrant releasing her from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence); *United States v. Swain*, No. 2:15-cr-19-JMS-CMM-06, dkt. 781 (S.D. Ind. June 3, 2020) (denying defendant's compassionate release motion and finding that even if defendant had shown extraordinary and compelling reasons warranting compassionate release, defendant's criminal history rendered him a danger to the community).

### III.    Conclusion

For the reasons stated above, Ms. Neeley's motion for compassionate release, dkt. [1203], is **denied**.

**IT IS SO ORDERED.**

Date:     3/23/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel